UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GERARDO VILLA, SR, | No. 2:14-cv-1849 DAD P |
| Petitioner, | |
| v. | ORDER AND |
| SCOTT FRAUENHEIM, | FINDINGS AND RECOMMENDATIONS |
| Respondent. | |

Petitioner, a state prisoner proceeding through counsel, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Pending before the court is petitioner's motion for a stay and abeyance.

By way of background, counsel for petitioner commenced this action by filing a petition for writ of habeas corpus challenging petitioner's 2010 judgment of conviction for premeditated murder. The jury in petitioner's criminal case found true an allegation that petitioner personally used a knife in the commission of his offense. The Sacramento County Superior Court sentenced petitioner to 25-years-to-life in state prison for the murder count and one year for the use allegation. Petitioner unsuccessfully appealed his conviction to the California Court of Appeal and the California Supreme Court. (Pet. at 1-2.)

In the pending motion for a stay and abeyance, counsel for petitioner acknowledges that five of petitioner's six federal habeas claims are unexhausted. Counsel contends that there is

1

good cause for the court to hold the pending federal habeas petition in abeyance.  First, counsel contends that petitioner has not engaged in intentional delay or dilatory litigation tactics.  In fact, petitioner is diligently pursuing his unexhausted claims in ongoing state collateral proceedings.  Second, counsel contends that due to staffing issues at trial counsel's office, petitioner only recently discovered facts upon which his unexhausted claims are based.  Finally, counsel contends that several of the claims that petitioner has pending in state collateral proceedings were not raised on appeal due to appointed appellate counsel's failure to raise them.  (Pet'r's Mot. for Sty. & Abeyance at 1-11.)

District courts should stay a mixed petition when "the petitioner ha[s] good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." Rhines v. Weber, 544 U.S. 269, 277-78 (2005).  The Ninth Circuit has clarified that "good cause" for failure to exhaust does not require "extraordinary circumstances." Jackson v. Roe, 425 F.3d 654, 661-62 (9th Cir. 2005).  Here, the court finds that petitioner has met the criteria set forth in Rhines for the issuance of a stay.  Moreover, if petitioner obtains relief in state court, his federal petition may be rendered moot, thereby serving the interests of judicial economy as well as the interests of justice.

Accordingly, IT IS HEREBY ORDERED that the Clerk of the Court is directed to randomly assign a United States District Judge to this action.

IT IS HEREBY RECOMMENDED that:

1. Petitioner's motion for a stay and abeyance (Doc. No. 2) be granted;

2. This action be stayed, and the Clerk of the Court be directed to administratively close the case;

4. Petitioner be directed to file and serve a status report in this case on the first court day of each month; and

5. Petitioner be ordered to file a motion to lift the stay of this action within thirty days after petitioner is served with the California Supreme Court's order disposing of his state exhaustion petition.

/////

2

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, petitioner may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Petitioner is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: October 1, 2014

/s/ Dale A. Drozd
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:9
vill1849.sty