UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GERALDO VILLA, SR., | No. 2:14-cv-01849 TLN DB |
| Petitioner, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| SCOTT FRAUENHEIM, | |
| Respondent. | |

Petitioner, a state prisoner proceeding pro se, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. (ECF No. 1.) Pending before the court is petitioner's motion to hold this action in abeyance pending exhaustion of potentially dispositive issues in state court. (ECF No. 32.)

**I.   Background**

On August 5, 2014, petitioner Geraldo Villa, Sr., through his then-counsel Cliff Gardner, filed a Petition for Writ of Habeas Corpus in this Court challenging his 2010 California State judgment for premeditated and deliberated first degree murder of his adult son, Alex Villa. (ECF No. 1.) Petitioner also filed a request to hold the petition in abeyance while he exhausted state remedies as to additional claims. (ECF No. 2.) At the time, petitioner had an already-pending Petition for Writ of Habeas Corpus in the Sacramento County Superior Court for the State of California.

On November 18, 2014, the district court adopted the findings and recommendations (ECF No. 4) of then-Magistrate Judge Dale A. Drozd and granted petitioner's motion for a stay and abeyance. (ECF No. 5.) The court ordered petitioner to file a motion to lift the stay of this action within 30 days after petitioner is served with the California Supreme Court's order disposing of his state exhaustion petition.

On October 9, 2015, the court granted Mr. Gardner's motion to withdraw as petitioner's counsel of record and appointed the Federal Public Defender to represent petitioner in this case. (ECF No. 20.) On June 30, 2016, the court granted petitioner's motion to substitute his attorney and appointed Joanne Kirchner. (ECF No. 24.) On February 10, 2017, petitioner filed a motion to continue to hold the petition in abeyance pending exhaustion of potentially dispositive issues in state court. (ECF No. 32.)

Specifically, after her appointment in this case, Ms. Kirchner states that she discovered potential federal and state habeas claims. (Id. at 2.) The state claim was based on a change in the state law's definition of false evidence. These state and federal claims had not been investigated or exhausted in state court. In August of 2016, counsel began a preliminary investigation into the claims. On September 7, 2016, counsel submitted an ex parte request for Advance Authorization for Investigative (expert) Services to this Court. On September 28, 2016, the request was approved. The details of the investigation are included in Ms. Kirchner's declaration, attached to the motion. (See ECF No. 32-1.)

On January 7, 2017, Ms. Kirchner received a report from a prosecution expert witness, Dr. Stephany Fiore, repudiating a key part of her trial testimony. In this report, Dr. Fiore, who was the pathologist who conducted Alex's autopsy, purportedly admitted that she made a mistake when she testified at petitioner's trial that the knife used to stab the victim created two different wound tracks. After reevaluating the case, she reportedly concluded that knife only created one wound track and that the second wound track was created by a surgeon who operated on the victim after the stabbing. This new report provided the basis for the new state and federal habeas claims based on the presentation of evidence at petitioner's trial that is now purported to be false.

////

At the time Dr. Fiore issued her revised report, petitioner had a state habeas petition pending in the California Supreme Court. On January 11, 2017, four days after counsel received Dr. Fiore's revised report, the California Supreme Court denied petitioner's pending habeas petition before he had an opportunity to amend the petition to present the newly discovered, unexhausted habeas claims. Counsel has prepared a second habeas for petitioner to file in propria persona in the Sacramento County Superior Court, which is attached to the motion. (See ECF No. 32-2.) The following claims are presented in the petition: (1) False evidence was presented at petitioner's trial in violation of state law; (2) The state obtained petitioner's conviction based on evidence now known to be false in violation of the Due Process Clause of the Fourteenth Amendment; and (3) Trial counsel provided ineffective assistance by failing to investigate petitioner's case and discover the false evidence.

If petitioner does not secure relief in the California State courts on his newly presented habeas claims, he will amend his current federal habeas petition to add the federal claims. Accordingly, petitioner moves the court to continue to hold this federal habeas petition in abeyance while he exhausts his newly-discovered habeas claims in state court. (ECF No. 32.) For the following reasons, the undersigned recommends that the district court grant this motion.

## II.   Legal Standard and Analysis

District courts should stay a mixed petition when "the petitioner ha[s] good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." Rhines v. Weber, 544 U.S. 269, 277-78 (2005). The Ninth Circuit has clarified that "good cause" for failure to exhaust does not require "extraordinary circumstances." Jackson v. Roe, 425 F.3d 654, 661-62 (9th Cir. 2005).

Just as the court did when petitioner originally moved to stay this action (ECF Nos. 4; 5), the undersigned finds that petitioner has met the criteria set forth in Rhines for the issuance of a stay. Moreover, if petitioner obtains relief in state court, his federal petition may be rendered moot, thereby serving the interests of judicial economy as well as the interests of justice.

////

////

### III. Conclusion

Accordingly, IT IS HEREBY RECOMMENDED that:

(1) Petitioner's motion to continue to hold this federal habeas petition in abeyance while he exhausts his newly-discovered habeas claims in state court be granted;

(2) This action continues to be stayed and administratively closed by the Clerk of the Court;

(3) Direct Petitioner to file and serve a status report in this case on the first court day of each month; and

(4) Order Petitioner to file a motion to lift the stay within thirty days after petitioner is served with the California Supreme Court's order disposing of his latest state exhaustion petition.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, petitioner may file written objections with the court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Petitioner is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  March 28, 2017

_____
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

TIM-DLB:10
DB / ORDERS / ORDERS.PRISONER.HABEAS / vill.1849.rhines

4